**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael ERVIN, Defendant–Appellant.**

**No. 90–3153.**

United States Court of Appeals,
Eleventh Circuit.

May 22, 1991.

Peter Warren Kenny, Kenny & Perry, Orlando, Fla., for defendant-appellant.

Ronald Heyward, Judy Hunt, Asst. U.S. Attys., Orlando, Fla., for plaintiff-appellee.

Before KRAVITCH and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Appellant Michael Ervin challenges his sentence on the ground that the district judge based the level of the offense on an incorrect determination of the amount of cocaine involved in the underlying conspiracy offense. We hold that the sentence was proper.

Ervin pled guilty to conspiring to possess with the intent to distribute six and one-half kilograms of cocaine, in violation of 21 U.S.C. § 846. At sentencing the district judge stated that Ervin would have a base level of thirty-two under the sentencing guidelines because the conspiracy involved six and one-half kilograms. Ervin objected to this calculation and asserted that he had no knowledge of that amount, and that he had been involved in only four kilograms of the conspiracy. The district judge relied on the probation officer's report and on testimony from the trial of other conspirators for proof that Ervin was aware of the full amount of the cocaine. The judge, however, asked Ervin's counsel if he wanted an evidentiary hearing on the issue of the amount of cocaine involved and time to prepare an argument based on lack of knowledge of the full amount of cocaine. Ervin's counsel stated that he did not desire a hearing because it was his understanding that a hearing would not alter the judge's decision. Ervin then received reductions on his base level for being a minor participant and also for accepting responsibility, and was sentenced to 110 months imprisonment.

Ervin now contends that because he was involved in only four kilograms and had no knowledge of the entire six and one-half kilograms, he should not have been sentenced based on the total amount. Ervin's argument stumbles upon two hurdles, either of which would be sufficient to uphold the sentence. First, the district judge stated that there was evidence from the trial of the coconspirators that Ervin knew about the six and one-half kilograms. The law clearly permits the sentencing court to consider any information in sentencing if there is a sufficient indicia of reliability. See Sentencing Guidelines § 6A1.3 and related Commentary. The district judge provided Ervin the opportunity to request a hearing in order to present evidence to challenge this information, as well as time to prepare a legal and factual

argument to support his claim of lack of knowledge. Ervin refused to request an evidentiary hearing and simply asserted that he did not know about the full amount of cocaine. Given the district judge's latitude to consider reliable information at the sentencing stage, we cannot say she erred in basing the sentence on the entire six and one-half kilograms.

█ Second, the sentence also is correct under the holding of *United States v. La Fraugh*, 893 F.2d 314 (11th Cir.1990). In that case we held that under the guidelines, the overt act of a coconspirator is attributable to the defendant and may be used to calculate the proper sentence. *Id.* at 317 (interpreting Sentencing Guidelines § 1B1.3). Here the overt act of the coconspirators involved six and one-half kilograms of cocaine. Ervin can therefore be sentenced on that full amount.

For the reasons stated above, we AFFIRM the sentence imposed.

AFFIRMED.