21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Keith LOGAN, Defendant-Appellant.
 No. 92-4365.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1994.
 
 Before: KEITH, RYAN, and DAUGHTREY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Keith Logan ("Logan") appeals his sentence following his guilty plea to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846. Logan argues the district court erred by refusing to reduce his base offense level for acceptance of responsibility. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On February 13, 1992, a federal grand jury for the Southern District of Ohio indicted Logan and others for conspiring to possess with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. Sec. 846, and for possession of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). After further investigation, the grand jury charged Logan in a Superseding Indictment with conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. Sec. 846 (Count I), and in three substantive Counts with possession of more than 5 kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 3
 On August 12, 1992, Logan pled guilty to Count I of the Superseding Indictment, and in return, the government dismissed the remaining counts. On December 21, 1992, the district court sentenced Logan to 161 months imprisonment, 5 years supervised released and a $50 special assessment. This timely appeal followed.
 
 II.
 
 4
 Logan argues the district court erroneously denied a two level reduction in his base offense level for acceptance of responsibility. According to Logan, his guilty plea and limited cooperation in this case establish his acceptance of responsibility, and the United States Sentencing Guidelines, therefore, mandate the two level reduction.[1] We disagree.
 
 
 5
 Section 3E1.1(a) of the Sentencing Guidelines permits a two level reduction in a defendant's base offense level where he "clearly demonstrates a recognition and affirmative acceptance of responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1(a). An entry of a guilty plea prior to trial along with truthful admission of involvement in the offense constitute significant evidence of the defendant's acceptance of responsibility. U.S.S.G. Sec. 3E1.1, comment. (n. 3). This court gives great deference to a sentencing judge's acceptance of responsibility determination, and therefore, we review the determination for clear error. United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992); United States v. Osborne, 948 F.2d 210, 211-12 (6th Cir.1991); United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, --- U.S. ----, 11 S.Ct. 713 (1991).
 
 
 6
 A guilty plea is not dispositive of acceptance of responsibility. Christoph, 904 F.2d at 1040. Conduct inconsistent with acceptance of responsibility may outweigh evidence of a guilty plea and an admission of involvement. U.S.S.G. Sec. 3E1.1, comment. (n. 3).
 
 
 7
 Here, the district court stated "[w]ith respect to the acceptance of responsibility, I am afraid I have to agree with the probation office. I think Mr. Logan failed to voluntarily surrender to law enforcement for nearly four months after fleeing the scene of his offense, and I think that under those circumstances, he failed to make a timely acceptance of his responsibility." Logan evaded arrest for approximately four months. Because Logan's conduct was inconsistent with acceptance of responsibility and outweighed his guilty plea, the district court did not clearly err by denying a two level reduction in Logan's base offense level.
 
 III.
 
 8
 For the reasons stated above, we AFFIRM Defendant's sentence.
 
 
 
 [1]
 Logan filed a pro se brief alleging the district court (1) improperly enhanced his sentence for the use of a firearm; and (2) violated Federal Rule of Criminal Procedure 32(a) by relying on information during sentencing without giving him adequate notice. These allegations of error are meritless. First, the court determined that the testimony by Alcohol, Tobacco, and Firearm ("ATF") agents and Logan's co-conspirators were more credible than Logan's testimony, and therefore, held a preponderance of the evidence established Logan possessed a firearm. See U.S.S.G. Sec. 2D1.1(b)(1). The court's credibility determination was not clearly erroneous, and therefore, the enhancement was proper. United States v. Perez, 871 F.2d 45 (6th Cir.1989). Second, Rule 32(a) requires the court give a defendant access to the presentence report. Fed.R.Crim.P. 32(a). Here, Logan had access to the presentence report which clearly gave notice the court planned to rely on the testimony of ATF agents and Logan's co-conspirators during sentencing