UNITED STATES of America, Plaintiff–Appellee,

v.

Gordon McMEEN, Defendant–Appellant.

No. 94–5639.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1994.

Decided March 13, 1995.

Tony R. Arvin, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Memphis, TN, for plaintiff-appellee.

Charles R. Ray (argued and briefed), Ray & Housch, Nashville, TN, for defendant-appellant.

Before: MERRITT, Chief Judge; NELSON and DAUGHTREY, Circuit Judges.

MERRITT, Chief Judge.

The defendant, Gordon McMeen, pled guilty to one count of making a false statement on a credit application in violation of 18 U.S.C. § 1014. At his sentencing hearing, the District Judge imposed a two-level enhancement for "more than minimal planning" as described by the United States Sentencing Guidelines in § 2F1.1(b)(2). The court below mistakenly based its decision upon an "Addendum" to the Presentence Report prepared by the Probation Officer which stated that the defendant participated in a larger credit card scheme in Florida. The defendant denied involvement in the Florida scheme. The Addendum and the Report did not cite any specific evidence linking the defendant with this scheme. It is merely the conclusion of the Probation Officer. The mere conclusion of the probation report is an insufficient basis for a finding that the evidence before the sentencing judge supports the proposition of fact asserted therein. Basic fairness requires that the evidence be identified and its reliability demonstrated. In a contested case, the position of the probation officer on a material matter should not be treated as evidence admitted in the case unless the probation officer takes the stand and offers testimony which may be cross-examined.

Upon an examination of the facts of the offense of conviction, it is clear that the Government did not establish that the defendant engaged in "more than minimal planning." In fact, the Government did not argue below that such an enhancement should be imposed. Counsel for the Government, Mr. Arvin, forthrightly conceded at oral argument that the District Court relied upon the Addendum, at least in major part, to enhance the defendant's sentence for more than minimal planning. The information concerning the larger offense in Florida does not have sufficient "indicia of reliability" as required by *United States v. Silverman*, 976 F.2d 1502 (6th Cir.1992)(en banc) *cert. denied*, —— U.S ——, 113 S.Ct. 1595, 123 L.Ed.2d 159 (1993), to prove the defendant's involvement, and may not be used as the basis of an enhanced sentence. When a contested sentencing enhancement factor appears in the probation report and is not proved by the government at the hearing, the court must insure that the factor is otherwise proved by reliable evidence before using it to increase the sentence.

Accordingly, the District Court's imposition of a two-level enhancement for "more

than minimal planning" is reversed and the case remanded for resentencing.