the source may not be from an unrelated proceeding.  Here, the district court explicitly noted that the source of such evidence was from a related trial over which it had presided. That decision was quite correctly affirmed on direct appeal.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0115P (6th Cir.)
File Name:  00a0115p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

KEITH R. LOGAN,
     *Petitioner-Appellant,*

     *v.*           No. 98-3839

UNITED STATES OF AMERICA,
     *Respondent-Appellee.*



Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 94-01057—Sandra S. Beckwith, District Judge.

Submitted:  March 8, 2000

Decided and Filed:  March 31, 2000

Before:  WELLFORD, SILER, and GILMAN, Circuit
Judges.

———————

### COUNSEL

**ON BRIEF:**  Keith E. Golden, GOLDEN & MEIZLISH, Columbus, Ohio, for Appellant.  Salvador A. Dominguez, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

## OPICION

RONALD LEE GILMAN, Circuit Judge. Keith Logan pled guilty in 1992 to participating in a drug conspiracy. On direct appeal, Logan challenged the district court's decision to enhance his offense level for possession of a firearm. In support of the enhancement, the district court made findings of fact based upon testimony presented during the trial of Logan's co-conspirators. In 1994, a panel of this court affirmed Logan's sentence, ruling that the firearm enhancement was proper.

Logan later filed a motion to modify his sentence pursuant to 28 U.S.C. § 2255, arguing that a subsequent case, *United States v. McMeen*, 49 F.3d 225 (6th Cir. 1995), changed the law regarding factual findings at sentencing, and that this change established that the district court had erred when it applied the firearm enhancement. The district court denied Logan's motion. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.   BACKGROUND

In 1992, Logan pled guilty to one count of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. Prior to Logan's sentencing hearing, the same district judge assigned to Logan's case presided over the trial of his co-conspirators. During those proceedings, the district judge heard testimony that described the nature and extent of the conspiracy, including evidence that implicated Logan. Among those testifying was Vaughn Bass, one of the co-conspirators.

On December 21, 1992, the district court held Logan's sentencing hearing. Paragraph sixty of Logan's presentence report contained facts suggesting that he had possessed or had access to a firearm in relation to his drug trafficking activities. Specifically, it noted that Bass had observed cocaine and a

of a sentence enhancement to rely on testimony given under oath at a separate, but related, trial."

A district court is indeed permitted to rely on testimony presented at a related proceeding, so long as there are sufficient indicia of reliability. *See United States v. Morales*, 994 F.2d 386, 389-90 (7th Cir. 1993); *United States v. Ervin*, 931 F.2d 1440, 1441-42 (11th Cir. 1991); *United States v. Smith*, 929 F.2d 1453, 1458-59 (10th Cir. 1991); *United States v. Notrangelo*, 909 F.2d 363, 364-66 (9th Cir. 1990); *but see United States v. Jackson*, 990 F.2d 251, 254 (6th Cir. 1993) (declaring in an unsupported statement, not essential to its holding, that "[t]o sentence a defendant based on facts established at someone else's trial . . . violates due process").

In *Jackson*, a panel of this court remanded the defendant's case for resentencing because it was "uncertain of how the district court made its factual findings . . . ." *Jackson*, 990 F.2d at 253. For the purposes of determining the quantity of drugs sold by the defendant, the district court had divided the amount of cash seized in connection with his operation by the amount the defendant charged for his drugs, a figure referred to as the "drug unit value." *See id.* at 253-54. This court remanded because "[t]he record does not indicate how the district court determined the drug unit value . . . ." *Id.* at 254. The concurring opinion asserted that because a district court "has plenty of opportunity to acquire information on [drug unit values] throughout its consideration of its docket," it should not be necessary "to take evidence in every case on the street value of cocaine within its jurisdiction." *Id.* at 255 (Boggs, J., concurring). In response, the majority wrote that "[t]o sentence a defendant based on facts established at someone else's trial . . . violates due process." *Id.* at 254.

When viewed in context, it is evident that *Jackson* does not alter the general rule that a district court is indeed permitted to rely on evidence from a related proceeding, so long as there are sufficient indicia of reliability. *Jackson* simply emphasizes that a district court must be clear as to the source of the evidence on which it bases its factual finding, and that

admitted in the case unless the probation officer takes the stand and offers testimony which may be cross-examined.

*Id.* The court also wrote that "[w]hen a contested sentencing enhancement factor appears in the probation report and is not proved by the government at the hearing, the court must insure that the factor is otherwise proved by reliable evidence before using it to increase the sentence." *Id.*

As previously noted, Logan asserts that he is entitled to challenge his firearm enhancement for a second time, through a § 2255 motion, because *McMeen* allegedly signaled an intervening change in the law. Logan, however, has failed to persuade us that *McMeen* constitutes such a change, as opposed to simply another application of existing law. Given that the *McMeen* court did not engage in any analysis that would suggest that it intended its holding to alter the prevailing law with regard to sentencing procedures, we do not believe that its ruling constituted an "intervening change."

This is especially true in light of the fact that Logan has not cited any pre-*McMeen* case allowing a district court to rely on unsupported conclusions in a presentence report to justify an enhancement. *Cf. Chapman v. United States*, 547 F.2d 1240, 1243 (5th Cir. 1977) (acknowledging an intervening change in the law where two Supreme Court opinions "condemn[ed] what this court had allowed" prior to those rulings).

We further conclude that even if *McMeen* had effectuated an intervening change in the law, Logan would still not be entitled to relief. Citing *McMeen*, Logan contends that in his case "the Government simply relied upon the [presentence] report itself to meet its burden." This argument, however, is belied by the record of the sentencing hearing. Although the presentence report was the starting point for its analysis, the district court made explicit factual findings based on evidence already presented to the court in the trial of Logan's co-conspirators. In the opinion and order denying Logan's § 2255 motion, the district court quite correctly noted that "*McMeen* does not suggest . . . that it is improper for purposes

handgun in Logan's apartment in November of 1991. Based upon this information, the probation officer proposed a two-point increase in Logan's offense level pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines. At the sentencing hearing, Logan objected to the enhancement, contending that he "never used a gun in anything." The district court overruled his objection. In support of its decision, the district court made the following factual finding:

> I am satisfied by a preponderance of the evidence that Mr. Logan did possess a firearm in connection with the offense, and that is based on statements of Mr. Bass and the agents of the Bureau of Alcohol, Tobacco & Firearms, and I find that Mr. Bass's testimony was credible, and certainly more credible at this point than Mr. Logan's denial.

Logan appealed, asserting that the district court improperly enhanced his sentence for use of a firearm and violated Federal Rule of Criminal Procedure 32(a) by relying on outside information at sentencing without giving him adequate notice. Finding these allegations of error "meritless," a prior panel of this court wrote as follows:

> First, the court determined that the testimony by Alcohol, Tobacco, and Firearm ("ATF") agents and Logan's co-conspirators were [sic] more credible than Logan's testimony, and therefore, held a preponderance of the evidence established [that] Logan possessed a firearm. The court's credibility determination was not clearly erroneous, and therefore, the enhancement was proper. Second, Rule 32(a) requires [that] the court give a defendant access to the presentence report. Here, Logan had access to the presentence report which clearly gave notice [that] the court planned to rely on the testimony of ATF agents and Logan's co-conspirators during sentencing.

*United States v. Logan*, No. 92-4365, 1994 WL 112864, at *2 n.1 (6th Cir. Mar. 31, 1994) (citations omitted).

On June 10, 1996, Logan filed a motion pursuant to 28 U.S.C. § 2255, requesting that the district court modify and correct his sentence. He argued that this court's subsequent decision in *United States v. McMeen*, 49 F.3d 225 (6th Cir. 1995) (holding that the district court erred by relying on an unsupported conclusion in a presentence report as a basis for finding that sufficient evidence existed to support an enhancement), established that the district court did not have a proper basis for applying the enhancement. In an opinion and order dated September 30, 1997, the district court denied Logan relief, ruling that *McMeen* was not applicable to his situation:

> *McMeen* does not suggest, and the Court is not persuaded, that it is improper for purposes of a sentence enhancement to rely on testimony given under oath at a separate, but related, trial. . . . Although petitioner was not present at this trial, the Court is satisfied that testimony given under oath is readily identifiable and sufficiently reliable to satisfy "basic fairness."

In this appeal, Logan argues that (1) *McMeen* constitutes an intervening change in the law that permits him to again attack the firearm enhancement through a § 2255 motion, even though a prior panel of this court determined the issue against him on direct appeal, and (2) the holding of *McMeen* establishes that the district court erred.

## II.  ANALYSIS

### A.  Standard of review

"In reviewing the denial of a 28 U.S.C. § 2255 petition, this Court applies a *de novo* standard of review of the legal issues and will uphold the factual findings of the district court unless they are clearly erroneous." *Hilliard v. United States*, 157 F.3d 444, 447 (6th Cir. 1998) (citing *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

### B.  This court's decision in *McMeen* does not require that Logan be resentenced

Even if a legal issue is determined against a defendant on direct appeal, the defendant may nonetheless "secur[e] relief under § 2255 on the basis of an intervening change in law." *Davis v. United States*, 417 U.S. 333, 342 (1974). In support of his § 2255 motion, Logan argues that this court's decision in *United States v. McMeen*, 49 F.3d 225 (6th Cir. 1995), constitutes "new precedent" demonstrating that the conclusion reached in response to Logan's firearm enhancement challenge on direct appeal was "incorrect."

In *McMeen*, the defendant pled guilty to making a false statement on a credit card application in violation of 18 U.S.C. § 1014. At sentencing, the district court increased the offense level by two points for "more than minimal planning" pursuant to U.S.S.G. § 2F1.1(b)(2). In support of its decision, the district court relied on an addendum to the presentence report stating that the defendant participated in a larger credit card scheme in Florida. Neither the addendum nor the presentence report, however, cited any evidence linking the defendant to the Florida scheme. The defendant denied such participation.

On appeal, this court reversed and remanded for resentencing because "[t]he information concerning the larger offense in Florida d[id] not have sufficient 'indicia of reliability' . . . to prove the defendant's involvement, and may not be used as the basis of an enhanced sentence." *McMeen*, 49 F.3d at 226 (quoting *United States v. Silverman*, 976 F.2d 1502 (6th Cir. 1992) (en banc)). In reaching this conclusion, the court stated as follows:

> The mere conclusion of the probation report is an insufficient basis for a finding that the evidence before the sentencing judge supports the proposition of fact asserted therein. Basic fairness requires that the evidence be identified and its reliability demonstrated. In a contested case, the position of the probation officer on a material matter should not be treated as evidence