**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Roger B. ROBERSON,**
**Defendant/Appellant.**

**No. 99–2407.**

United States Court of Appeals,
Sixth Circuit.

April 26, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; HEYBURN, District Judge.*

## OPINION

HEYBURN, District Judge.

Defendant, Roger Roberson, pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344. At sentencing, the district court denied Roberson a two point reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 and adjusted his offense level upward three points for his supervisory role in the offense under U.S.S.G. § 3B1.1(b). Roberson now appeals, arguing that the district court should have granted the reduction for acceptance of responsibility and should not have increased his offense level for a supervisory role. We AFFIRM the district court on both counts.

I

Roberson began participating in a bank-fraud scheme in late 1998 that involved cashing checks made payable to fictitious payees. Ivan Spears, the leader of the scheme, encouraged Roberson to recruit crack addicts who, under Roberson's tutelage, and using forged identification, would pass the bad checks at federally insured financial institutions.. Roberson would drive them to the financial institutions, provide them with the checks, collect the proceeds, pay the check-cashers, and turn the remaining proceeds over to Spears. Spears paid Roberson in cash or crack cocaine. In addition, Roberson also

---

* The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation.

cashed four bad checks himself. In his plea agreement, Roberson took responsibility for $9,735 obtained through fraudulent checks.

A federal grand jury indicted Roberson for conspiracy to commit bank fraud and two counts of bank fraud. After arraignment on June 28, 1999, Roberson was released on bond on condition that he refrain from using illegal drugs. A July 15, 1999 drug test came back positive for cocaine, as did a second drug test taken on July 29, 1999. The government began bond revocation proceedings and the magistrate judge revoked Roberson's bond on August 13, 1999. On August 30, 1999, Roberson pled guilty to one count of bank fraud under 18 U.S.C. § 1344. The district court sentenced Roberson on November 23, 1999 to twenty-one months of imprisonment and three years of supervised release. Roberson's sentencing range was calculated at fifteen to twenty-one months based on a criminal history category of II and a total offense level of thirteen. The offense level included a three point upward adjustment for his supervisory role in the bank fraud and did not contain a two point reduction for acceptance of responsibility.

## II

We generally review a district court's finding that a defendant is not entitled to a reduction for acceptance of responsibility under the "clearly erroneous" standard. *United States v. Childers*, 86 F.3d 562, 563 (6th Cir.1996). Where, however, the only question concerns whether the reduction should apply to uncontested facts, we review de novo. *United States v. Tilford*, 224 F.3d 865, 867 (6th Cir.2000). If this case presented a purely legal question— can the post-indictment, pre-guilty plea use of cocaine in violation of bond conditions serve as the basis for refusal to grant a downward departure for a bank fraud conviction—then the district court's decision would be reviewed de novo. *See id.*

Here, however, at the sentencing hearing the district court also found that Roberson did not show remorse for his behavior and described Roberson as "an individual who just avoids looking at himself and what he's done for the last 47 years." J.A. at 55. Since the district court based its sentencing decision on both the cocaine use and the general lack of acceptance of responsibility, we must review the district court's decision for clear error.

## III

Section 3E1.1(a) of the Sentencing Guidelines allows for a two-level reduction in a sentence if the defendant "clearly demonstrates acceptance of responsibility for his offense." The defendant must show acceptance of responsibility by a preponderance of the evidence. *See United States v. Williams*, 990 F.2d 176, 181 (6th Cir.1991). This reduction is not available as a matter of right. *See* U.S.S.G. § 3E1.1 cmt. n. 3.

Commentary to the Sentencing Guidelines identifies "voluntary termination or withdrawal from criminal conduct or associations" as an appropriate consideration for the sentencing court to use in determining whether a defendant qualifies for a reduction. U.S.S.G. § 3E1.1 cmt. n. 1(b). Roberson argues that the unrelated nature and timing of his bond violation preclude its consideration in the determination of eligibility for the acceptance of responsibility reduction. Both claims fail as a matter of law.

■ In *United States v. Morrison*, 983 F.2d 730 (6th Cir.1993), this circuit described the type of criminal conduct that the district court should consider in its review of defendant's acceptance of responsibility. The *Morrison* court held that the criminal conduct referenced in commentary note 1(b) included all criminal conduct "related to the underlying of-

fense." *Id.* at 735. Related conduct includes, among other types, conduct that is "the motivating force behind the underlying offense" or involves "an otherwise strong link with the underlying offense." *Id.* Here, a strong nexus connected the bank fraud and the use of cocaine. Roberson was an admitted frequent crack user and participated in the bank fraud in order to finance his drug addiction. Therefore, the drug use motivated his participation in the bank fraud, making the drug use related conduct and consideration of the drug use was proper under *Morrison.*

Roberson also argues that the timing of the drug use—one month prior to his plea and four months before sentencing—renders it irrelevant in determining his acceptance of responsibility. District courts have broad discretion in determining when conduct becomes relevant for determining acceptance of responsibility. However, they cannot consider conduct before the defendant is "on notice that the federal government has an interest in his or her affairs." *United States v. Jeter,* 191 F.3d 637, 639–40 (6th Cir.1999). Here, the magistrate judge arraigned Roberson more than two weeks prior to his first failed drug test and conditioned his release on Roberson's discontinuing the use of any illegal drugs. Roberson, undoubtedly, was on notice of the federal government's interest in his drug use and the district court therefore had discretion to consider the conduct even though it occurred prior to the plea agreement or sentencing. The district judge did not use any inappropriate factors in making his decision to deny Defendant acceptance of responsibility credit and, therefore, his decision should be affirmed.

## IV

Finally, Roberson challenges the district court's finding that he played a supervisory role in the offense. Under section 3B1.1(b) of the Sentencing Guide-

lines, the district court may increase the offense level three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants." Commentary note 4 of section 3B1.1(b) identifies factors relevant to the court's determination of the defendant's role: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree or control an authority exercised over others." The government bears the burden of establishing the relevant factors by a preponderance of the evidence, *see United States v. Feinman,* 930 F.2d 495, 500 (6th Cir.1991), and it is not necessary that all of the factors listed in the commentary note be satisfied. *See United States v. Bashara,* 27 F.3d 1174, 1183 (6th Cir.1994).

We review the district court's factual determination of a defendant's role in the offense for clear error. *United States v. Brown,* 147 F.3d 477, 485 (6th Cir.1998). Here, the district court found that Roberson played a "management role" in the offense by "driving the individuals around, providing the individuals with the checks, [and] instructing the individuals ... on what they were to do." J.A. at 50. The district court's conclusion appears to be based on statements in the presentence report.

 If contested by a defendant, factual statements in a presentence report alone cannot serve as the basis for the enhancement of a sentence. *See United States v. McMeen,* 49 F.3d 225, 226 (6th Cir.1995) (holding that "[w]hen a contested sentencing enhancement factor appears in

the probation report and is not proved by the government at the hearing, the court must insure that the factor is otherwise proved by reliable evidence before using it to increase the sentence"). Such a rule ensures that the government establishes the facts necessary for the enhancement by a preponderance of the evidence and that the evidence presented has sufficient "'indicia of reliability' ... to prove the defendant's involvement." *Id.* (quoting *United States v. Silverman,* 976 F.2d 1502 (6th Cir.1992) (en banc)). Where, however, the defendant only objects to the legal sufficiency of the uncontested facts in the presentence report, then the reliability of the factual information in the presentence report has not been called into question and can support an enhancement.

Here, the presentence report described Roberson's role in the bank fraud in several places. Paragraph sixteen of the report stated, "[o]n numerous occasions in 1998 and 1999, Mr. Roberson accepted payment in the form of cash or crack cocaine for driving members of the conspiracy to local banks to present and pass false and fraudulent checks." J.A. at 69. Paragraph nineteen continued,

> According to investigators, Mr. Roberson was recruited in 1998 by Ivar Spears to act as a driver for persons presenting and passing false and fraudulent checks to local banks. Mr. Roberson's conduct involved the recruitment of check cashers, paying them for their involvement in cashing particular checks, [and] driving the check cashers during the commission of the offense.

J.A. at 69. Roberson objected to both paragraph sixteen and nineteen, disagreeing with "the implication that Roger Roberson became involved in the Ivar Spears scheme in early–1998, as it was in the latter part of December 1998." J.A. at 96. Paragraph forty-six of the presentence report suggested an upward adjustment because Roberson "was a manager or supervisor in an offense." J.A. at 74. Roberson objected to paragraph forty-six, stating:

> Roger Roberson was neither a manager nor a supervisor in the offense scheme entirely conceived, developed, equipped, and controlled by Ivar Spears. It appears that Roger Roberson served, on a few occasions, as a driver for only others to pass checks, and in return received either a small denomination of money or some drugs, in either event, rendering him a minor player. Most of the occasions resulting in his apprehension and involving significant values were those in which he departed from the scheme and cashed checks for himself. His involvement clearly falls well below the criteria threshold required to establish a managerial or supervisory role under 3B1.1(b).

J.A. at 98. At the sentencing hearing, Roberson's counsel reiterated their objection to paragraph forty-six, stating, "we have objected because we don't believe the evidence sufficiently supports that proposition." J.A. at 49. The government responded, "[t]he defendant admitted his supervision in the presentence report of Maranda Eubanks." J.A. at 50. Roberson did not object to this statement.

The narrow scope of Roberson's objections distinguishes this case from *McMeen* and its progeny. In *McMeen,* the defendant contested factual findings within the presentence report that he participated in a credit card fraud scheme in Florida. *McMeen,* 49 F.3d at 226. In the case at bar, Roberson only objected to certain factual elements of the presentence report—the dates at which he became involved in the scheme—and did not contest the report's factual statement that he recruited, transported, and supervised other individuals as they cashed checks. Roberson also did not dispute the government's state-

ment in court that he had admitted to supervision of Maranda Eubanks. Thus, Roberson did not contest the factual findings of the presentence report, rather he objected to the legal determination that the facts alleged in the report could support a finding of a supervisory role. It was proper, therefore, for the district court to rely on the uncontested factual statements in the presentence report in determining Roberson's aggravating role under section 3B1.1.

 Furthermore, the government's statement of Roberson's uncontested admission at the sentencing hearing that he supervised Maranda Eubanks could, on its own, support an upward adjustment under U.S.S.G. § 3B1.1. Commentary note 2 to section 3B1.1 states that he need only have supervised one other participant, so long as the entire scheme involved five or more people. *See also United States v. Bashara*, 27 F.3d 1174, 1184 (6th Cir.1994). Because the district court had a sufficient evidentiary basis for finding that Roberson played a management role, it was not clear error to impose the three-level enhancement under section 3B1.1.

The judgment of the district court is therefore AFFIRMED.