NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0015n.06

**Case No. 13-6393**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 07, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JAMES WHITELOW, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | |
| | ) | O P I N I O N |

BEFORE:     COLE, Chief Judge; KETHLEDGE, Circuit Judge; OLIVER, District Judge. [*]

COLE, Chief Judge.  Defendant-Appellant James Whitelow challenges his sentence of 48 months of incarceration for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1).  He contends that the district court should not have applied the base-level sentencing enhancement under United States Sentencing Guidelines § 3B1.1(c) because the government did not produce sufficient evidence to prove his involvement as an organizer, leader, manager, or supervisor of the conspiracy.  He further argues that the district court failed to conduct the requisite fact-finding process under Federal Rule of Criminal Procedure 32(i)(3)(b) after his counsel objected to a factual allegation in the Presentence

---

[*] The Honorable Solomon Oliver, Jr., Chief Judge, United States District Court for the Northern District of Ohio, sitting by designation.

Investigation Report that provided the basis for applying the enhancement. For the following reasons, we affirm the defendant's sentence.

## I. BACKGROUND

Whitelow's indictment arose from an authorized wiretap of his co-defendant Anthony Nixon, who was the head of a drug trafficking organization in Lauderdale County, Tennessee. The wiretap revealed several calls between Whitelow and Nixon regarding the sale of cocaine. Further investigation yielded evidence of additional transactions of illegal drugs between Whitelow and other co-defendants. Ultimately, Whitelow and twenty others were arrested and charged in the conspiracy. Whitelow pleaded guilty to one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which concluded that Whitelow was responsible for 1.5284 kilograms of cocaine. The PSR calculated a base offense level of 26 under United States Sentencing Guidelines § 2D1.1. The PSR recommended a two-level increased adjustment under § 3B1.1(c) due to the defendant's role as an organizer, leader, manager, or supervisor in the criminal activity. This recommendation was based on an assertion from a confidential informant (later identified as co-defendant Nixon) that Whitelow directed another co-defendant, Aundra Smith, to hold cocaine for him. The PSR also found the defendant to be eligible for a three-level decreased adjustment due to his acceptance of responsibility, which resulted in a total adjusted offense level of 25. Based on the offense level of 25 and a criminal history category of I, the applicable guidelines range was calculated as 57 to 71 months of imprisonment.

Pursuant to a written plea agreement negotiated with the government, the defendant agreed to plead guilty and waive his right to appeal his sentence unless the district court

exceeded the maximum guideline sentence for the conduct in question. The terms of the agreement provided that the government would recommend that the defendant be held responsible for 499 grams of cocaine and receive a three-level decreased adjustment for acceptance of responsibility. The agreement did not address the § 3B1.1(c) enhancement. Ultimately, the district court accepted the terms of the plea agreement regarding drug quantity and acceptance of responsibility. It also accepted the recommendation of the PSR that defendant be given an enhancement based on his role in the offense. With a base offense level of 23 plus a two-level enhancement for his role in the offense minus a three-level decrease for acceptance of responsibility, the defendant's resulting guideline range was 46 to 57 months.

The government made no objections to any of the findings in the PSR. The defendant filed a sentencing memorandum objecting to the two-level leadership adjustment. At the sentencing hearing, Whitelow specifically objected to the finding in paragraph 11 of the PSR that Whitelow used co-defendant Smith to hold his cocaine. Because this statement came from confidential informant and co-defendant Anthony Nixon, Whitelow argued that it was hearsay and speculative. The government countered that Nixon's statement had been corroborated by Smith's attorney when Smith pleaded guilty in a court appearance earlier that day, and that Smith had also stipulated to them when he pleaded guilty. Whitelow objected that neither Smith nor his attorney had been under oath or subject to cross-examination.

The district court clarified that it would not rely on Nixon's statement in making its sentencing determination because such testimony was not subject to cross-examination by Whitelow. "I don't take that as proven conclusively or by a preponderance of the evidence that it belonged to Mr. Whitelow. That's just what Nixon believed . . ." R. 781, PageID 1784. The defendant's counsel did not make objections to any other factual statements in the PSR. He next

argued that none of the other factual statements in the PSR were sufficient to establish by a preponderance of the evidence that Whitelow was a leader, organizer, manager, or supervisor.

The district court found that Whitelow was a leader or organizer in the criminal activity. The court applied the two-level leadership adjustment, adopted the resultant 46 to 57 month guideline range, and sentenced the defendant to 48 months of imprisonment and three years of supervised release. The court stated that it based its decision to apply the enhancement on paragraphs 8 and 10 of the PSR. These paragraphs included statements that Whitelow conspired with co-defendants Nixon and Esiquiel Sanchez to acquire one-half kilogram of cocaine that Whitelow intended to share with Nixon, the leader of the drug trafficking organization; that when the supplier of co-defendant Sanchez was arrested, Whitelow began to purchase cocaine from whomever he could; and that an individual known as Mikaboo would travel from Nashville to purchase cocaine from Whitelow.

Whitelow timely appealed his sentence. The government filed a motion to dismiss the appeal on June 10, 2014, based on the appellate-waiver provision in the plea agreement. Whitelow countered that his challenge fell outside the scope of the appellate-waiver provision because the plea agreement did not mention the two-level enhancement. On July 29, 2014, a panel of our court denied the motion to dismiss. *See* Order, No. 13-6393 (July 29, 2014). We found that Whitelow's 48-month sentence was above the maximum guidelines sentence of 46 months that would have applied had Whitelow not received the two-level leadership enhancement. *Id.* at 2. Because the plea agreement was silent as to the two-level enhancement, we held that the appellate-waiver provision was ambiguous and therefore did not preclude an appeal. *Id.*

## II.     ANALYSIS

### A.  Standard of Review

Due to the "factual nuances that a district court is better positioned to evaluate," we review the legal conclusion that a defendant played an aggravating role under USSG § 3B1.1 under a deferential standard. *United States v. Washington*, 715 F.3d 975, 983 (6th Cir. 2013). We review the district court's factual findings at sentencing for clear error. *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009).

We review compliance with Federal Rule of Criminal Procedure 32(i)(3)(B) de novo. *United States v. White*, 492 F.3d 380, 414 (6th Cir. 2008). However, because Whitelow did not raise his Rule 32 objection at the sentencing hearing, we apply plain error review to his objection on appeal. *See United States v. Vonner*, 516 F.3d 382, 388 (6th Cir. 2008) (en banc).

### B.  Sufficiency of the Evidence to Support Enhancement

Section 3B1.1 provides for increased adjustments to an offense level based on a defendant's aggravating role in the offense. A two-level enhancement is appropriate "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." USSG § 3B1.1(c). The government "is required to establish the existence of a factor supporting a sentencing enhancement by a preponderance of the evidence." *United States v. Aleo*, 681 F.3d 290, 298 (6th Cir. 2012). Whitelow argues that the district court should not have applied the two-level enhancement because the government did not present any evidence to corroborate Nixon's statement in the PSR that Smith held cocaine for Whitelow. Accordingly, Whitelow contends, the government did not prove his leadership role by a preponderance of the evidence.

A defendant qualifies for a § 3B1.1 enhancement if a sentencing court "concludes that he has exercised decisionmaking authority, recruited accomplices, received a larger share of the

profits, was instrumental in the planning phase of the criminal venture, or exercised control or authority over at least one accomplice." *United States v. Vasquez*, 560 F.3d 461, 473 (6th Cir. 2009). We have held that a district court may accept as true the factual allegations in the PSR to which the defendant does not object. *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004) (quoting *United States v. Levy*, 250 F.3d 1015, 1018 (6th Cir. 2001)). Whitelow objected to paragraph 11 in the PSR, which contained the statement that he recruited Aundra Smith to hold cocaine for him, and in response, the district court disclaimed reliance on that paragraph. However, other paragraphs in the PSR, to which Whitelow did not object, do establish a sufficient factual basis to classify him as a leader, organizer, manager, or supervisor in the criminal activity.

The district court observed that the statements in paragraphs 8 and 10 alone were sufficient to qualify Whitelow as a leader or organizer of the criminal activity. The district court cited a call in which Whitelow and his co-defendants Nixon, the leader of the organization, and Sanchez conspired to acquire one-half kilogram of cocaine from Sanchez's source of supply in Memphis. The court also noted that Whitelow began to purchase cocaine from others after Sanchez's source was arrested, and that Whitelow sold some of that cocaine to an individual known as Mikaboo who traveled from Nashville to purchase it from him.

Given the uncontroverted factual statements in the PSR and the deferential standard of review, the district court properly applied the enhancement, particularly since the two-level § 3B1.1(c) enhancement applies even if the defendant played only the lesser role of manager or supervisor rather than leader or organizer. *See* USSG § 3B1.1(c). It was reasonable for the district court to conclude that Whitelow exerted control over Mikaboo. In addition, Whitelow's call with Nixon and Sanchez, as well as the multiple additional calls between Nixon and

Whitelow, could indicate Whitelow's decisionmaking authority in the conspiracy. We conclude that there was sufficient evidence in the uncontroverted factual statements in the PSR for the district court to apply the two-level § 3B1.1(c) enhancement.

### C. Rule 32(i)(3)(B) Fact-Finding Process

Whitelow argues that the district court did not conduct the requisite fact-finding process under Federal Rule of Criminal Procedure 32(i)(3)(B). Rule 32(i)(3)(B) requires a district court, "for any disputed portion of the presentence report," to "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." We require literal compliance with this provision of Rule 32 because "such factual findings help to ensure that defendants are sentenced on the basis of accurate information and provide a clear record for appellate courts." *United States v. Monus*, 128 F.3d 376, 396 (6th Cir. 1997) (internal quotation marks and brackets omitted). We have held that a "mere conclusion of the probation report is an insufficient basis for a finding that the evidence before the sentencing judge supports the proposition of fact asserted therein." *United States v. McMeen*, 49 F.3d 225, 226 (6th Cir. 1995). When a defendant objects to the facts in the PSR, "a court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence." *United States v. Solorio*, 337 F.3d 580, 598 (6th Cir. 2003). However, a district court may accept as true all factual allegations in a PSR to which the defendant has not objected. *Carter*, 355 F.3d at 925; *see also* Fed. R. Crim. P. 32(i)(3)(A) ("[The sentencing court] may accept any undisputed portion of the presentence report as a finding of fact.").

The district court complied with Rule 32(i)(3)(B). Whitelow objected only to paragraph 11 of the PSR, and the district court fulfilled its Rule 32(i)(3)(B) obligation by stating that it

would not consider that paragraph in deciding whether to apply the enhancement. In clarifying

that its factual findings relied only on the PSR and not the testimony of Smith and his attorney,

the district court then emphasized its reliance on the facts from paragraphs 8 and 10 in particular.

The defendant did not object to the factual allegations in those two paragraphs and therefore the

district court was permitted to rely on them. Therefore, we find that the district court satisfied its

Rule 32(i)(3)(B) obligation to rule on disputed portions of the PSR.

## III. CONCLUSION

For the foregoing reasons, we affirm Whitelow's sentence.