RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0167p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

KISHA C. HOLLINS-JOHNSON,

*Defendant-Appellant*.

No. 20-3330

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:19-cr-00170-1—Edmund A. Sargus, Jr., District Judge.

Decided and Filed:  July 26, 2021

Before:  SUTTON, Chief Judge; SILER and ROGERS, Circuit Judges.

_____

**COUNSEL**

**ON MOTION TO DISMISS APPEAL:**  Kimberly Robinson, UNITED STATES ATTORNEY'S OFFICE, Columbus, Ohio, for Appellee.  **ON BRIEF AND RESPONSE:** Christopher B. Sullivan, LEWIS THOMASON, Memphis, Tennessee, for Appellant.

_____

**ORDER**

_____

Defendant Kisha C. Hollins-Johnson appeals the district court's judgment in her criminal case after pleading guilty to student loan fraud and theft of government funds, conspiracy to commit those crimes, making false statements to the U.S. Department of Housing and Urban Development, and witness tampering.  The government moves to dismiss the appeal based on the appellate-waiver provision in Hollins-Johnson's plea agreement.  Hollins-Johnson responds that

the appellate waiver in her plea agreement does not expressly cover a challenge to "the manner in which a sentence is to be served and the timing of the sentence."

"Criminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily," *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004) (citing *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001)), and Hollins-Johnson does not argue that the appellate waiver was not knowing or voluntary. Instead, she argues that the appellate waiver does not include challenges to the manner or timing of the sentence. In relevant part, the waiver reads: "Defendant waives the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum." The sentence imposed did not exceed the statutory maximum for any of Hollins-Johnson's crimes. *See* 18 U.S.C. §§ 371, 641, 1010, 1512(b)(3); 20 U.S.C. § 1097(a).

Hollins-Johnson correctly notes that plea waiver ambiguities are construed against the government, but her waiver is not ambiguous. She was not sentenced in excess of the statutory maximum, so her appeal is barred; a challenge to the manner or timing of her sentence is a challenge to the sentence imposed.

The cases Hollins-Johnson cites in support of her argument to the contrary are unpersuasive. To begin with, none of them squarely addresses the issue raised in her appeal: whether a broad waiver of the right to appeal a sentence encompasses an appeal from the denial of a request for home confinement or a request for an arrangement of sentences such that both parents would not be simultaneously incarcerated. One case she cites, *United States v. Fitch*, 282 F.3d 364, 366 (6th Cir. 2002), did not involve an appellate waiver at all.

Hollins-Johnson leans heavily on *United States v. Bowman*, which involved a plea waiver that read: "[T]he Defendant knowingly waives the right to appeal any sentence which is at or below the maximum of the guideline range as determined by the court. The Defendant retains the right to appeal a sentence above the guideline range." 634 F.3d 357, 360 (6th Cir. 2011). We concluded that the waiver did not bar an appeal from the district court's decision under U.S.S.G. § 5G1.3(c) to run Bowman's federal term consecutive to a state sentence. *Id.* at 361. We reasoned that, because the waiver specifically barred some appeals but was silent as to

others, it was ambiguous as to whether Bowman's appeal was barred.  *Id.*  We also reasoned that "[t]he government could have avoided any imprecision on this issue by including language that would have precluded Bowman from challenging the district court's application of U.S.S.G. § 5G1.3, but it did not do so." *Id.*  We have relied on *Bowman* to reach a similar conclusion in *United States v. Kelley*, 585 F. App'x 310, 313 (6th Cir. 2014) (per curiam) (challenging the district court's application of § 5G1.3(c)).

But Hollins-Johnson's waiver is much broader and more absolute than Bowman's; Bowman's waiver barred only his right to appeal a sentence at or below the guideline range while Hollins-Johnson agreed to waive her right to challenge her sentence on any grounds so long as she was not sentenced above the statutory maximum.  We have, on multiple occasions, declined to follow *Bowman* in cases involving broad waivers like the one Hollins-Johnson made. *See United States v. Darby*, 549 F. App'x 499, 501 (6th Cir. 2014); *United States v. Ellis*, 500 F. App'x 482, 483–84 (6th Cir. 2012); *United States v. Callier*, 565 F. App'x 423, 425–26 (6th Cir. 2014); *United States v. Watkins*, 603 F. App'x 387, 391–92 (6th Cir. 2015); *United States v. Allen*, 635 F. App'x 311, 314–15 (6th Cir. 2016).  The facts of Hollis-Johnson's case much more closely follow these cases than the facts in *Bowman*.

Hollins-Johnson also cites *United States v. Whitelow*, 596 F. App'x 382, 385 (6th Cir. 2015).  In that case, the government moved to dismiss based on Whitelow's waiver of the right to appeal any sentence within or below the guidelines range, based on agreed-upon conduct listed in the plea agreement.  *See* Order, No. 13-6393, at *2 (6th Cir. July 29, 2014).  At sentencing, however, the district court's guidelines calculation included an enhancement based on conduct that was not listed in the plea agreement.  *See id.*  Whitelow appealed and we denied the government's ensuing motion to dismiss Whitelow's appeal, finding that the enhancement increased his sentence beyond the top of the guidelines range supported by the agreed-upon conduct listed in the plea agreement.  *Id.*  In other words, the district court's consideration of conduct outside the plea agreement triggered an exception to the appellate waiver in Whitelow's plea agreement.  *Id.*

Unlike *Whitelow*, Hollins-Johnson cannot argue that the district court's sentencing decision triggered an exception to her appellate waiver. Her term is below the statutory maximum and, thus, the waiver remains intact. Accordingly, *Whitelow* is inapposite.

Lastly, Hollins-Johnson suggests that the government forfeited its dismissal argument by failing to raise it until after she filed her principal brief. An appellate waiver does not implicate "our statutory jurisdiction" and is instead a "mere claim-processing rule." *United States v. Hack*, 999 F.3d 980, 983–84 (6th Cir. 2021) (quotation omitted). Although "[w]e strongly encourage the government to promptly file a motion to dismiss the defendant's appeal where the defendant waived h[er] appellate rights as part of a plea agreement," *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005), we have also found that it "is appropriate for the government to delay the filing of a motion to dismiss until it is known what arguments will be raised by a defendant on appeal," *United States v. Henderson*, No. 09-6261, 2010 WL 4451245, at *1 (6th Cir. Sept. 28, 2010). Here, the government filed its motion roughly one month after Hollins-Johnson filed her appellate brief and, in the meantime, responded to her earlier motion to stay the imposition of her sentence. That the government waited until it knew "what arguments" Hollins-Johnson raised in her appeal does not mean that it forfeited its appellate waiver argument. *See id.*

The motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk