NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0307n.06

No. 22-3790

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jul 07, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE |
| LUCAS K. YOUNGBLOOD, | ) | NORTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellant. | ) | OPINION |
|  | ) | |

Before: COLE, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Lucas Youngblood pled guilty to being a felon in possession of a firearm. During the plea colloquy, the district court asked whether Youngblood understood that one element of the offense was a prior felony conviction; Youngblood said yes. The government then said it could prove this element beyond a reasonable doubt because Tennessee had convicted Youngblood of aggravated domestic assault, a Class C felony; and Youngblood agreed that was true. Youngblood later objected to the presentence report, arguing that the Tennessee conviction was not, in fact, a felony conviction. But Youngblood quickly withdrew that objection. The district court thereafter imposed a below-guidelines sentence of 36 months.

Youngblood now appeals, arguing again that the Tennessee conviction was not a felony conviction. The government responds that Youngblood waived this argument. We agree: a voluntary and unconditional guilty plea waives "any subsequent non-jurisdictional attack on the conviction." *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012); Fed. R. Crim.

P. 11(a)(2). That is a claims-processing rule that we must enforce when the government invokes it. *See United States v. Hack*, 999 F.3d 980, 983 (6th Cir. 2021). Here, Youngblood pled guilty unconditionally, without reserving the right to challenge the Tennessee conviction. Youngblood thus waived the only argument before us. Indeed, Youngblood does not even dispute that conclusion.

We therefore enforce Youngblood's waiver by dismissing the appeal. *See United States v. Hollins-Johnson*, 6 F.4th 682, 685 (6th Cir. 2021). We also deny as moot the government's motion to take judicial notice.