RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0072p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 04-6479

JEREMY DALE WILSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Ashland.
No. 04-00006—Henry R. Wilhoit, Jr., District Judge.

Submitted: January 4, 2006

Decided and Filed: February 27, 2006

Before: SUTTON and GRIFFIN, Circuit Judges; OBERDORFER, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Joseph A. Almeida, Steubenville, Ohio, for Appellant. Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

_____

**OPINION**

_____

GRIFFIN, Circuit Judge. The government moves to dismiss defendant's appeal on the ground that defendant knowingly and voluntarily waived his right to appeal his guilty plea conviction and sentence. We hereby grant the motion and dismiss this appeal. In doing so, we hold that, although some of the terms of the plea agreement were explained to defendant by the United States Attorney, rather than the judge, there was no violation of Federal Rule of Criminal Procedure 11(b)(1)(N). Alternatively, we hold that, even assuming a technical variation of Rule 11(b)(1)(N) occurred, the error did not affect defendant's substantial rights and therefore was harmless error. *See* FED. R. CRIM. P. 11(h).

I.

Defendant Jeremy Wilson was indicted on April 19, 2004. He was charged in count one with being a felon in possession of a firearm, and in count two with possessing ammunition, both counts in violation of 18 U.S.C. § 922(g)(1). Defendant pleaded guilty to count one under the terms of a plea agreement.

_____

[*]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

During defendant's rearraignment proceeding, the district court reviewed the charges against defendant, established defendant's competency, and inquired about defendant's satisfaction with his attorney. The district court also verified defendant's understanding of the terms of the plea agreement and the voluntariness of defendant's plea.

During the course of the proceeding, the district court also asked the prosecutor to explain the essential terms of the plea agreement. The prosecutor consequently explained, among other things, that defendant was waiving the right to appeal the guilty plea, conviction, and sentence. The prosecutor also noted that defendant agreed to be sentenced under the Guidelines and not to raise an issue pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). Neither defendant nor defendant's counsel disagreed with the explanation of the prosecutor.

Under the terms of the plea agreement, defendant admitted that he had possessed a firearm and that he had been convicted of a felony crime at the time he possessed the firearm. The plea agreement expressly waived "the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." By signing the plea agreement, defendant and his counsel both acknowledged not only that they had discussed the agreement, but also that defendant understood its terms.

The district court accepted defendant's plea agreement and guilty plea at the rearraignment hearing. Defendant's subsequent presentence report also noted that he had waived his statutory right to appeal his guilty plea, conviction, and sentence. Defendant did not object to the presentence report.

On December 9, 2004, in breach of his plea agreement, defendant filed a notice of appeal. On appeal, defendant challenges (1) the validity of his appeal waiver, and (2) the validity of his sentence under *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005). The government contends that defendant's plea waiver was valid and now moves for dismissal of the appeal. We agree.

II.

It is well-established that any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily. *See United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). In a post-*Booker* world, we have also held that plea agreements may waive constitutional or statutory rights then in existence, as well as those that courts may recognize in the future. *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). In *Bradley*, we held that a valid waiver of the right to appeal contained in a plea agreement also waived a defendant's right to challenge the mandatory application of the Guidelines post-*Booker*.[1] *Id.* Thus, if we hold that the appellate waiver contained in defendant's plea agreement is valid, defendant's second challenge is without merit.

A.       *Defendant's Rule 11(b)(1)(N) Challenge.*

Rule 11(b)(1)(N) provides that when a court considers and accepts a defendant's guilty plea, the court "must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." FED. R. CRIM.

---

[1] The circuits are in near uniformity on this point. *See United States v. Sahlin*, 399 F.3d 27 (1st Cir. 2005); *United States v. Morgan*, 406 F.3d 135 (2d Cir. 2005); *United States v. Lockett*, 406 F.3d 207 (3rd Cir. 2005); *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005); *United States v. Burns*, 433 F.3d 442 (5th Cir. 2005); *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005); *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005); *United States v. Killgo*, 397 F.3d 628 (8th Cir. 2005); *United States v. Cardenas*, 405 F.3d 1046 (9th Cir. 2005); *United States v. Green*, 405 F.3d 1180 (10th Cir. 2005); *United States v. Rubbo*, 396 F.3d 1330 (11th Cir. 2005). As of yet, the District of Columbia Circuit has not addressed the matter.

P. 11(b)(1)(N).**2** Defendant argues that because the district court never specifically read the portion of the plea agreement concerning the appellate waiver to him at the hearing, the waiver is now unenforceable. We disagree.

In opposing the government's motion to dismiss this appeal, defendant relies nearly exclusively on *United States v. Murdock*, 398 F.3d 491 (6th Cir. 2005), for the proposition that the failure of the sentencing judge to inform the defendant of the appellate waiver as required by Rule 11(b) renders the waiver invalid. However, *Murdock* is readily distinguishable from the present case. In *Murdock*, the waiver of the right to appeal was never discussed with the defendant in open court. *Id.* Here, the judge, while directly addressing defendant, instructed the United States Attorney to explain to defendant the details of the plea agreement. Indeed, *Murdock* itself indicated a "prosecutor in summarizing the key elements of the agreement might adequately address the waiver." *Id.* at 498. Defendant was expressly informed that as part of the plea agreement, "the defendant agrees not to appeal his guilty plea conviction and sentence." Thereafter, the court inquired whether defendant still desired to plead guilty after being advised of all of his rights and defendant stated "Yes, sir."

Based on this record, we conclude that defendant's plea agreement was made knowingly and voluntarily. We hold that, because the terms of the plea agreement were fully explained to defendant in open court, Rule 11(b)(1)(N) was not violated.

### B.       *Harmless Error*

Alternatively, even if we were to assume that the district court's failure to specifically discuss the appellate waiver with defendant in open court constituted a technical violation of Rule 11(b)(1)(N), we hold that the failure constitutes harmless error. Rule 11(h) states that technical variations of Rule 11 shall be harmless error unless such errors "affect substantial rights."**3** FED. R. CRIM. P. 11(h). No such error occurred here. Wilson's lone allegation is that the waiver of his right to appeal now prevents him from pressing a *Booker* objection. But he has not explained how remanding the case to the district court could conceivably help him at this point. The trial judge issued alternative sentences, one under the then-mandatory Guidelines, one under the possibility that the Guidelines would be declared unconstitutional. The two sentences were identical (fifty-one months). *See United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005) ("The district court's alternative sentence makes clear that either in the absence of the Guidelines or in an advisory Guidelines system, the district court would have imposed on Christopher the same sentence as the mandatory Guidelines required."). As in *Christopher*, "[a]ny sentencing error in this case," even if he had not waived his right to appeal, would be "harmless." *Id.* at 593.

### III.

The motion is granted, and the appeal is dismissed.

---

**2**Rule 11 provides:

. . . Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

. . . .

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

FED. R. CRIM. P. 11(b)(1)(N).

**3**Rule 11(h) provides that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." FED. R. CRIM. P. 11(h)