GRIFFIN, Circuit Judge,
dissenting.
I respectfully dissent. In this sentencing appeal, defendant Timothy Undrae *567 Johnson appeals his thirty-month, within-the-Guidelines sentence imposed by the district court following his plea of guilty to one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Johnson contends, and the majority agrees, that the district court erred by failing to fully take into account the sentencing factors enumerated in 18 U.S.C. § 3553(a). On appeal, the government argues that Johnson “has failed to develop any argument to establish how consideration of any of the sentencing factors ... would affect the sentence that was imposed.”[1] I agree. Because the error committed by the district court was harmless and therefore not error requiring reversal, I would affirm.
The majority concludes correctly that the district court failed to provide the necessary § 3553(a) analysis in its sentencing decision. Title 18 U.S.C. § 3553 requires a district court to consider the nature and circumstances of the offense and the history and characteristics of the defendant. Id. § 3553(a)(1). In United States v. Jackson, 408 F.3d 301, 305 (6th Cir.2005), we explained that district courts in a post-Booker era should explain the basis for their sentencing determinations. Although, undoubtedly, the review of specific § 3553(a) factors facilitates appellate review, “this court has never required ‘the ritual incantation’ of the factors to affirm a sentence.” United States v. Williams, 436 F.3d 706, 709 (6th Cir.2006) (quoting United States v. Johnson, 403 F.3d 813, 816 (6th Cir.2005)).
The problem in this case is that the district court did not explicitly address the § 3553(a) factors, choosing instead to rely solely on the Guidelines for support when noting that “a sentence of 30 months in the Bureau of Prisons is an appropriate sentence.” [2] Nonetheless, the fact that there was error in Johnson’s sentencing does not necessarily mean that he is entitled to resentencing. See United States v. Hazelwood, 398 F.3d 792, 801 (6th Cir.2005). In the criminal context, mistakes made by the district court at trial or during sentencing are subject to harmless-error and plain-error analysis under Federal Rule of Criminal Procedure 52, which provides:
(a) Harmless Error. Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.
(b) Plain Error. A plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.
Fed.R.Crim.P. 52; see also United States v. Wilson, 438 F.3d 672, 674-75 (6th Cir.2006) (“[E]ven if we were to assume that the district court’s failure to specifically discuss the appellate waiver with defendant in open court constituted a technical violation ... the failure constitutes harmless error.”); United States v. Copeland, 321 F.3d 582, 603 (6th Cir.2003) (errors at trial subject to harmless-error review under Rule 52(a)).
*568 In Booker, the Supreme Court made clear that the inevitable sentencing challenges that would follow the Court’s opinion continue to be subject to Federal Rule of Criminal Procedure 52:
[W]e [do not] believe that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the “plain-error” test. It is also because, in cases not involving a Sixth Amendment violation,, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine.
United States v. Booker, 543 U.S. 220, 268, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (opinion of Breyer, J.); see also United States v. McDaniel, 398 F.3d 540, 546 (6th Cir.2005) (“Booker instructs us to ... apply ‘ordinary prudential doctrines,’ such as plain error and harmless error, in determining the appropriate disposition of Booker-based appeals.”). The Court has since emphasized the need for appellate courts to perform harmless-error review to claims of error at trial and during sentencing. See Washington v. Recuenco, — U.S. —, 126 S.Ct. 2546, 2551, 165 L.Ed.2d 466 (2006) (“We have repeatedly recognized that the commission of a constitutional error at trial alone does not entitle a defendant to automatic reversal. Instead, ‘most constitutional errors can be harmless.’ ”) (quoting Neder v. United States, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)).
We have heeded the Supreme Court’s instruction in Booker and have continued to perform Rule 52 review to sentencing appeals. In our initial sentencing challenges following Booker, we applied harmless-error and plain-error review to sentences imposed upon the erroneous belief
that the Guidelines are mandatory rather than advisory. We concluded that a defendant’s substantial rights are not prejudiced where a district court issues an alternative sentence, identical to one based solely on the presumption that the Guidelines are mandatory. See, e.g., United States v. Christopher, 415 F.3d 590, 593-94 (6th Cir.2005); Wilson, 438 F.3d at 675. Conducting Rule 52 review, we have also held that a defendant’s substantial rights are not affected where the district court grants a substantial upward departure that increases a defendant’s sentence above the Guideline recommended range, United States v. Brown, 444 F.3d 519, 522 (6th Cir.2006), where a defendant’s sentence was based upon a plea agreement entered into voluntarily by the defendant, United States v. Webb, 403 F.3d 373, 381-82 (6th Cir.2005), or where the sentencing transcript so demonstrates that the district court wanted to “send a message” to the defendant that this court is “convinced that a more lenient sentence would not be imposed on remand given the district court’s actions and explanation,” United States v. Alford, 436 F.3d 677, 683 (6th Cir.2006).
We have continued to apply Rule 52 review where the district court has correctly treated the Guidelines as advisory. In United States v. Caswell, we explained the proper approach to applying harmless — and plain-error review to reasonableness challenges:
When the Guidelines are treated as advisory, there is no presumption of plain error or affect on the substantial rights of the parties. Thus, we analyze advisory Guideline sentences for reasonableness ... to determine whether error was committed. It is only after this analysis that we can determine whether any error was plain or whether it affected the substantial rights of the parties.
456 F.3d 652, 656 n. 1 (6th Cir.2006). We have therefore reviewed for harmless or *569 plain error claims of substantive unreasonableness, United States v. Gardiner, Nos. 05-1247, 1248, 463 F.3d 445, 460-61 (6th Cir.2006), and procedural unreasonableness, United States v. Blackwell, 459 F.3d 739, 773-74 (6th Cir.2006); United States v. Cruz, 461 F.3d 752, 753 (6th Cir.2006) (“[A]ny error in describing the [aim of sentencing as imposing a “reasonable” sentence] was harmless.”).
In particular, we have performed Rule 52 review where — as here — the district court inadequately explains the basis of its sentencing determination. See United States v. Harden, No. 05-4079, 2006 WL 2373259 (6th Cir. Aug.16, 2006) (unpublished). In Harden, the appellant argued that his sentence was proeedurally unreasonable because the district court did not explain its application of any of the § 3553(a) factors during sentencing. Harden, 2006 WL 2373259 at *3. We agreed, noting that although the district court “repeatedly stated that it had considered the § 3553(a) factors as well as the advisory Guidelines,” it had failed to state its reasoning or explain which § 3553(a) factors it found relevant and how they related to its sentencing determination. Id. at *4. We then considered whether the district court’s error required that Harden be re-sentenced. Reviewing for plain error, we assumed that the court’s error was plain and that it affected Harden’s substantial rights, but nonetheless concluded that re-sentencing was unnecessary because the court’s error did not “seriously affect[ ] the fairness, integrity, or public reputation” of the appellant’s sentencing proceedings and therefore did not constitute plain error. Id. at *5 (quoting Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).[3]
The import from these cases is clear: before this court may vacate a sentence for being proeedurally unreasonable and remand for resentencing, we must consider whether the defendant’s substantial rights have been affected by the district court’s error.[4] An error will require resentencing only if it affects the defendant’s substantial rights. In my view, the district court’s failure to address the § 3553(a) factors during Johnson’s sentencing did not affect his substantial rights and was, therefore, harmless error. As the government notes correctly on appeal, Johnson doesn’t propose what factor, in particular, the sentencing court should have considered. A *570 review of defense counsel’s memorandum in aid of sentencing reflects counsel’s concerns regarding the following: (1) the PSR’s characterization of portions of Johnson’s criminal record, (2) the need for Johnson to receive long-term substance abuse treatment, and (3) the location where Johnson would serve his sentence (counsel requested that Johnson serve his term at a minimum security facility).[5] Beyond that, however, the memorandum declines to highlight for the court any aspect of, for example, Johnson’s family history, criminal history, or mental stability. Instead, the memorandum merely states in general terms that “[t]he sentencing court is now required to consider any fact which will allow the court to fashion a reasonable sentence for the conduct.”
The sentencing transcript reflects the same problem. Defense counsel chose to focus almost exclusively on a perceived problem with the criminal history category assigned to Johnson, and at no point did she direct the district court’s attention to a particular aspect of Johnson’s subjective situation meriting the court’s consideration and corresponding attention for sentencing purposes. Indeed, other than remind the court of defense counsel’s request that Johnson receive substance abuse treatment, counsel declined even to renew arguments regarding the facility where Johnson would serve his sentence.
On appeal, Johnson has failed to show what, if anything, the district court should have done at sentencing and, more importantly, what it would have to do at a resentencing. Faced with similar circumstances, we have declined to remand for resentencing. See United States v. Christopher, 415 F.3d 590, 594 (6th Cir.2005) (concluding remand for resentencing inappropriate where case had been remanded earlier solely to provide more detailed findings concerning the amount of loss caused by defendant’s crimes and where defendant did not “offer[ ] any explanation on appeal as to what factors listed in § 3553(a) the district court should have considered, or how these factors would have made a difference in the sentence he received.”). Because the record contains no indication that Johnson’s substantial rights were affected by the district court’s error, I would hold that the nonconstitu-tional error committed by the district court was harmless under either a plain- *571 error or harmless-error analysis. Fed.R.CrimP. 52; United States v. Olano, 507 U.S. at 735, 113 S.Ct. 1770.
Johnson’s thirty-month sentence is within the Guidelines and, therefore, is afforded a rebuttable presumption of reasonableness. United States v. Williams, 436 F.3d 706 (6th Cir.2006). By not even arguing the particular § 3553(a) considerations that may benefit him at resentencing, Johnson has failed to rebut the procedural and substantive reasonableness of his sentence. Id. at 708. See also United States v. Mares, 402 F.3d 511, 519 (5th Cir.2005).
Under these circumstances, as appellate judges, we should decline to engage the trial court in the futile exercise of marching up the sentencing hill again, only to hand down the same sentence and march back down. United States v. Tucker, 404 U.S. 443, 449-52, 92 S.Ct. 589, 30 L.Ed.2d 592 (Blackmun, J. dissenting).
For these reasons, I respectfully dissent. I would affirm.

. Although the government does not expressly use the words “harmless error,” it makes a harmless error argument throughout its appellate brief. For example, in its final paragraph of argument on pp 9-10, the government asserts:
The defendant makes no argument that the sentence was unreasonable, but rather only that the method followed by the district court in arriving at that sentence, somehow did not entail “reasonableness.” The defendant has failed to establish either a factual or a legal basis which would constitute error by the district court in this sentencing; therefore, this issue is without merit.

. By noting that Johnson was a Zone D offender, the court — arguably—recognized tacitly that prison was the only "sentence available” to Johnson pursuant to 18 U.S.C. § 3553(a)(3).

. The majority argues that my reliance on Harden is misplaced because the Harden court assumed that the defendant’s substantial rights were prejudiced by the district court’s error. Harden, 2006 WL 2373259 at *5. I do not cite to Harden for the proposition that a defendant's substantial rights are unaffected when a district court fails to adequately explain its consideration of § 3553(a), but rather to illustrate that this court customarily conducts Rule 52 review to claims of procedural unreasonableness. Moreover, unlike here, the appellant in Harden argued to the district court at the sentencing hearing that a lighter sentence was appropriate in light of the § 3553(a) factors because “the career offender designation overstated his criminal history,” “because the instant offense was outside the heartland of the Guidelines,” and "because Harden was a victim of police misconduct during his arrest.” Id. at *4. Thus, there may have been reason in Harden to assume that the defendant's substantial rights were prejudiced by the district court's error. The record suggests that no such assumption is appropriate here.

. Compare Fed.R.Crim.P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.”), with Fed.R.Crim.P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.”). Under either approach, although the burdens of persuasion differ, the defendant's substantial rights must nevertheless be affected in order for resentencing to be proper. See United States v. Olano, 507 U.S. 725, 734-35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

. None of these concerns suggest that Johnson would receive a shorter sentence on remand. At the sentencing hearing, Johnson's counsel argued that the appropriate sentence range, based on Johnson's criminal history and as computed by the Guidelines, was twenty-seven to thirty-three months; the government argued that the appropriate range was thirty to thirty-seven months. The district court imposed a sentence of thirty months, which it deemed appropriate, in part, because it was permitted under either calculation. On appeal, Johnson does not challenge the district court's conclusion that the appropriate range was thirty to thirty-seven months. Johnson, therefore, received the shortest possible sentence within the Guidelines range.
Nor would Johnson’s need to receive long-term substance abuse treatment affect the length of Johnson's sentence on remand. At the hearing, the district court recommended that Johnson enter a long-term drug treatment program — provided that Johnson qualified for the program — and ordered Johnson to participate in a drug and alcohol treatment program upon Johnson’s release from prison. Johnson, therefore, received the medical care that he requested, and this factor would not result in a shorter sentence for Johnson on remand. See 18 U.S.C. § 3553(a)(2)(D) (directing courts to consider at sentencing, inter alia, the need to "provide the defendant with needed ... medical care”).
Finally, Johnson’s concern about the location where Johnson would serve his sentence was not renewed at the sentencing hearing, nor does it correlate to a § 3553(a) factor that the district court would consider on remand in determining the length of an appropriate sentence.