NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0459n.06

No. 09-1892

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 07, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff-Appellee,          )
                                     )
v.                                   )   ON APPEAL FROM THE UNITED
                                     )   STATES DISTRICT COURT FOR
JOEL W. LAIRD,                       )   THE EASTERN DISTRICT OF
                                     )   MICHIGAN
        Defendant-Appellant.         )
                                     )
                                     )

Before:  SILER, COLE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Joel Laird was arrested in 2004 while possessing a loaded firearm and several ounces of crack cocaine.  He eventually pled guilty to one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

During Laird's plea hearing, the prosecutor read the terms of Laird's Rule 11 plea agreement into the record.  One of those terms was that Laird waived his right to appeal any sentence that was between 60 and 84 months' imprisonment.  The district court asked Laird numerous questions about the agreement, including whether he had negotiated it with the help of counsel.  Laird said he had. He further testified that he had signed the agreement.  The court then asked Laird if he understood the "terms as recited a moment ago by [the prosecutor]."  Laird again answered yes.  The court

accepted Laird's plea and at a later hearing sentenced him to 80 months' imprisonment. Laird then filed this appeal.

Laird's sentence is less than 84 months, so under the express terms of the plea agreement he waived his right to file it. Laird asks us to hear his appeal nonetheless, arguing that the district court plainly erred by not advising him during the plea hearing that he was giving up his appellate rights and by not asking whether he understood the appellate-waiver provision. But the plea agreement's terms were read during the plea hearing, and Laird testified that he understood those terms. That the prosecutor, rather than the court, read the agreement's terms to Laird does not matter. *See United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006). And the court's general question as to whether Laird understood those terms was enough; the court was not required to question Laird specifically about the appellate-waiver provision. *See United States v. Sharp*, 442 F.3d 946, 950 (6th Cir. 2006). The record is clear that Laird understood the terms of his agreement, so there was no error here at all. *See id.* at 952. We therefore enforce Laird's waiver and dismiss his appeal.