NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0025n.06

No. 12-5245

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 07, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JOSHUA R. CONLEY-LOGAN, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Joshua R. Conley-Logan, who is represented by counsel, appeals a district court judgment following his guilty plea to conspiracy to manufacture fifty grams or more of methamphetamine, conspiracy to distribute and possess with the intent to distribute five grams or more of methamphetamine, and aiding and abetting the maintenance of a drug house. *See* 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, 856(a)(1).

Conley-Logan pleaded guilty pursuant to a written plea agreement.  Under the agreement, the government agreed to dismiss an additional drug charge.  Conley-Logan agreed to waive his right to appeal his convictions or sentence unless the sentence exceeded the greater of the statutory mandatory minimum or the sentencing guidelines range.

The presentence report assessed a base offense level of thirty-two, a six-level enhancement for substantial risk of harm to the life of a minor, and a three-level reduction for the acceptance of responsibility, for a total offense level of thirty-five. *See* USSG §§ 2D1.1(c)(4), 2D1.1(b)(13)(D),

3E1.1. The intersection of the total offense level with Conley-Logan's criminal history category of IV yielded an advisory sentencing guidelines range of 235 to 293 months of imprisonment.

At the sentencing hearing, the district court concluded that Conley-Logan's criminal history was slightly overstated and that the six-level enhancement increased his guidelines range too much when compared to its effect on the ranges of his codefendants with lesser criminal histories. Accordingly, the district court sentenced Conley-Logan below the sentencing guidelines range to 180 months of imprisonment.

Conley-Logan's court-appointed counsel has filed an appellate brief with this Court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). After a review of the record, counsel expressed the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issue of whether the district court erred by not imposing a lower prison term to avoid unwarranted sentencing disparities with Conley-Logan's codefendants. Conley-Logan was advised of his right to file a response, but has not done so.

Upon review, we conclude that counsel's motion to withdraw should be granted. Counsel has filed an acceptable *Anders* brief, and our full examination of all of the proceedings leads us to agree that an appeal would be wholly without merit. *See id.* at 744.

Conley-Logan's appellate waiver is valid and bars the appeal of his sentence. A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *United States v. Wilson*, 438 F.3d 672, 673–74 (6th Cir. 2006). A valid waiver precludes a defendant from bringing any type of claim not permitted by the agreement. *United States v. Sharp*, 442 F.3d 946, 949 (6th Cir. 2006). Here, the plea agreement provided in part:

> [T]he defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court.

At the plea hearing, the district court reviewed the appellate waiver. Conley-Logan acknowledged that he understood that he was waiving his right to appeal and that counsel had explained the waiver. He also confirmed that his plea was not the result of mental pressure or physical force. Thus, the district court ensured that Conley-Logan was waiving his appellate rights knowingly and voluntarily.

A defendant, such as Conley-Logan, "who expressly represents in open court that his guilty plea is voluntary 'may not ordinarily' repudiate his statements" thereafter. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)). Because counsel does not raise any claims falling within the exception to the waiver, no such claims appear from our independent examination of the record, and nothing in the record suggests that Conley-Logan misunderstood the waiver of his appellate rights, we lack jurisdiction to consider the appeal. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005).

We grant counsel's motion to withdraw and dismiss the appeal.