NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0607n.06

No. 11-3406

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jun 27, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| BONNIE HELT, | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY, SUTTON, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. In 2009, Bonnie Helt was arrested for participating in a mortgage-fraud kickback scheme. She pled guilty to conspiracy to commit bank and wire fraud and conspiracy to obstruct justice. *See* 18 U.S.C. §§ 1349, 371.

At the start of Helt's plea hearing, the district court asked Helt numerous questions about the plea agreement. The court first asked whether she read and understood the agreement. Helt said yes. The court then asked Helt whether she was "fully satisfied with the counsel representation and advice provided" to her. Helt said yes and said she had signed the agreement. The prosecutor then read the terms of the agreement and statement of facts into the record.

One of those terms that Helt agreed to was a waiver of her right to appeal. That term provides in relevant part: "Defendant gives up the right to appeal any sentence imposed by the Court

in this matter . . . and the manner in which the sentence is determined, provided that the sentence is within the statutory maximum[.]" The court specifically asked Helt—twice—whether she understood the impact of the waiver term. Both times she answered yes. The court then accepted Helt's plea. At a later sentencing hearing, the court determined Helt's sentencing range to be 37 to 46 months' imprisonment. The court sentenced Helt to only 18 months' imprisonment, however, because the court "did not believe that defendant would offend again." This appeal, inexplicably, followed.

"Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily." *United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir. 1995). Here, Helt's sentence is less than the statutory maximum—360 months—and thus her appeal is foreclosed by the express terms of her plea agreement. And the record is plain that she understood the terms of the agreement and voluntarily signed it. *See United States v. Wilson*, 438 F.3d 672, 673–74 (6th Cir. 2006). We therefore enforce Helt's waiver and dismiss her appeal.