**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0644n.06

No. 12-1800

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | *Jul 10, 2013* |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| JAMES ANDREW KOHN, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant-Appellant. | ) | DISTRICT OF MICHIGAN |
| | ) | |

BEFORE: SILER and COLE, Circuit Judges; DOWD, District Judge.[*]

PER CURIAM. James Andrew Kohn appeals through counsel the sentence imposed following his guilty plea to a charge of sexual exploitation of a child.

On two occasions in 2010, Kohn photographed himself sexually abusing his eleven-year-old daughter. He was prosecuted in state court for two counts of first-degree criminal sexual conduct and was sentenced to eighteen years nine months to fifty years of imprisonment. Federal authorities prosecuted him for the photographs, and he entered a guilty plea in 2012, pursuant to a plea agreement. His presentence report calculated his guidelines sentencing range at 360 months to life imprisonment, but the statutory maximum sentence for the offense is thirty years, which became the guidelines range. The district court imposed that sentence, to run concurrently with Kohn's state sentence.

---

[*]The Honorable David D. Dowd, United States District Judge for the Northern District of Ohio, sitting by designation.

Kohn argues on appeal that his sentence is unreasonable because the district court placed too much emphasis on his statement of the factual basis for the plea. Kohn stated that "I took photographs of a female under 18 years old having sex," which the district court felt minimized the seriousness of Kohn's offense. Additionally, Kohn argues that the sentence is unreasonable because he did not distribute the photographs. The government moved to dismiss the appeal because Kohn had waived the right to appeal a sentence at or below the maximum of the guidelines range in his plea agreement. A panel of this court denied the motion without prejudice and asked for further briefing of the question. Kohn argues that his appeal waiver is unenforceable because the magistrate judge did not sufficiently explain the appeal waiver during the plea hearing.

A defendant in a criminal case may waive the right to appeal, so long as the waiver is knowing and voluntary; such a waiver precludes appellate review. *United States v. Fleming*, 239 F.3d 761, 763-65 (6th Cir. 2001). In Kohn's plea agreement, he waived the right to appeal a sentence at or below the maximum of the guidelines range, but he retained the right to appeal any issue that the guidelines range was incorrectly determined, or a sentence greater than the statutory maximum or based on unconstitutional factors. Kohn is not raising in this appeal any of the issues that he retained. At the plea hearing, the magistrate judge asked Kohn if he had read the plea agreement and gone over it with his attorney, and Kohn responded that he had. The magistrate judge informed Kohn that the agreement required him to give up some of his appellate rights, and Kohn responded that he understood that provision. The prosecutor, in summarizing the plea agreement, also noted that Kohn was waiving certain of his rights to appeal.

Kohn relies on *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005), in which an appellate waiver provision in a plea agreement was found unenforceable. However, that case is distinguishable, as the defendant in that case was not asked if he had read the plea agreement, and neither the judge nor the prosecutor mentioned the appellate waiver provision during the plea hearing. We have also upheld an appeal waiver where only the prosecutor explained the waiver during the plea hearing. *United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006). We find Kohn's case more similar to *Wilson* than *Murdock*. Because Kohn knowingly and voluntarily waived his right to appeal his sentence on the grounds raised here, we grant the government's motion to dismiss the appeal.

Appeal dismissed.