**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0148n.06

No. 14-5003

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 25, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| KELVIN WATKINS, | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Before: MOORE, GIBBONS, and GRIFFIN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Kelvin Watkins pleaded guilty to one count of being a felon in possession of a firearm, one count of knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine base, and one count of knowingly possessing a firearm in furtherance of a drug trafficking crime. Pursuant to his plea agreement, Watkins received a below-Guidelines sentence of 100 months of imprisonment, which the district court determined would be served consecutively to two five-year sentences for two unrelated state-court convictions. On appeal, Watkins contends that the district court abused its discretion in deciding to impose his federal sentence consecutive to his state sentences. The government has moved to dismiss Watkins's appeal, arguing that it is barred by an appeal-waiver provision in Watkins's plea agreement. For the reasons stated below, we **GRANT** the government's motion to dismiss the appeal.

## I.  BACKGROUND

This case implicates three separate incidents of criminal conduct.  In 2008, Watkins pleaded guilty in state court to wanton endangerment in the first degree, in violation of Kentucky law.  R. 37 (PSR at ¶ 36) (Page ID #168).[1]  He received a five-year prison sentence, but was granted shock probation in 2009.  *Id.*  The state, however, revoked Watkins's probation in 2011, when Watkins was arrested for and later pleaded guilty to trafficking a controlled substance, again in violation of Kentucky law.  *Id.* at ¶ 39 (Page ID #169).  Watkins received a second five-year state prison sentence for this trafficking conviction.  *Id.*

On August 22, 2012, a federal grand jury returned a three-count superseding indictment against Watkins, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), with knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), and with knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  R. 8 (Superseding Indictment at 1–2) (Page ID #21–22).  Watkins agreed to plead guilty to all counts in exchange for the government agreeing to recommend a sentence of 100 months of imprisonment.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), "such a

---

[1]Watkins did not object to the facts in his Presentence Report ("PSR").  *See* R. 49 (Sentencing Hr'g Tr. at 2) (Page ID #217); *see also United States v. Adkins*, 429 F.3d 631, 632–33 (6th Cir. 2005) (concluding that specifically declining to object to one's presentence report constitutes acceptance of the factual allegations contained within the report).

recommendation or request binds the court once the court accepts the plea agreement."

Watkins's plea agreement also included an appeal-waiver provision, which stated that:

> Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

R. 31 (Plea Agreement at ¶ 11) (Page ID #134–35). The district court accepted Watkins's guilty plea at a hearing held on June 18, 2013. R. 47 (Plea Hr'g Tr. at 13–14) (Page ID #210–11).

At sentencing, Watkins's counsel requested that the district court exercise its discretion under United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3 and run Watkins's federal sentence concurrent with his two state sentences. *See* R. 49 (Sentencing Hr'g Tr. at 7) (Page ID #222). The district court denied this request, noting that "the state charge ha[d] nothing to do with what [Watkins is] charged with here" and that Watkins "ha[d] a criminal history category of VI." *Id.* at 6 (Page ID #221). In deciding to run Watkins's 100-month federal sentence consecutive to his state sentences, the district court explained that, although it understood Watkins's argument, it did not find the argument "appropriate in this case" because the convictions were "for different conduct." *Id.* at 10 (Page ID #225). Watkins has timely appealed.

3

## II.  DISCUSSION

Our analysis proceeds in two parts.  First, we must determine whether Watkins is barred from raising his claim because of the appeal-waiver provision in his plea agreement.  If that provision does not apply, we must then consider whether Watkins's claim succeeds on the merits.

### A.  Appeal Waiver

Watkins contends that his appeal waiver is inapplicable because the district court failed to follow Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the court to "inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  Watkins argues that the district court never explicitly referred to the appeal-waiver provision during his plea hearing.

A plea agreement is valid and enforceable only if the defendant entered into it knowingly and voluntarily.  *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003).  "It is well settled that a defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement."  *Id.*  We "review[] the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement *de novo*."  *Id.*  Because, however, Watkins did not raise a Rule 11 objection before the district court, we review his claim here for plain error.  *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005).  Under this standard, Watkins "must show that there [was] 1) error, 2) that [was] plain, and 3) that affect[ed] [his] substantial rights."  *Id*.  If these three conditions are satisfied, we "may exercise [our] discretion to notice a forfeited error,

but only if 4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

As Watkins points out, the district court in this case failed to comply literally with Rule 11(b)(1)(N) because it did not directly address the appeal-waiver provision during Watkins's plea hearing. "Rule 11(b)(1)(N) require[s] the district court to inform [Watkins] of the appellate waiver provision and to insure that he understood it. Failure to do so constitute[s] error that [is] plain." *Id.* at 497. "Nonetheless, this kind of plain error does not always warrant reversal, because the failure of a district court to abide by Rule 11's requirements does not necessarily affect the defendant's substantial rights." *United States v. Cohen*, 515 F. App'x 405, 409 (6th Cir. 2013). In order to prevail on his claim, Watkins must also show the lack of "a 'functional substitute' for the 'key safeguard' in Rule 11(b)(1)(N)." *Id.* "Functional substitutes have been found when, for example, the prosecutor adequately explains the waiver provision, or when the defendant states that he read and understood the terms of the plea agreement and discussed it with his attorney." *Id.* (citing cases).

In *United States v. Wilson*, 438 F.3d 672 (6th Cir. 2006), the district court did not read and explain the terms of Wilson's appeal-waiver provision when it accepted his plea agreement. However, during Wilson's rearraignment proceeding, "the district court reviewed the charges against defendant, established defendant's competency, and inquired about defendant's satisfaction with his attorney. The district court also verified defendant's understanding of the terms of the plea agreement and the voluntariness of defendant's plea." *Id.* at 673. Finally, the

district court "asked the prosecutor to explain the essential terms of the plea agreement. The prosecutor consequently explained, among other things, that defendant was waiving the right to appeal the guilty plea, conviction, and sentence." *Id.* The district court then proceeded to accept Wilson's plea agreement, and sentenced Wilson pursuant to the findings in his presentence report. Wilson appealed his sentence, challenging its validity under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). We dismissed his appeal, finding it barred by his plea agreement's appeal-waiver provision. *Wilson*, 438 F.3d at 674. We determined, in essence, that the district court's actions, along with those of the prosecutor at Wilson's rearraignment hearing, were sufficient to constitute a functional substitute for Rule 11(b)(1)(N). *Id.*

This case is on all fours with *Wilson*. As in *Wilson*, the district court here reviewed the charges against Watkins, R. 47 (Plea Hr'g Tr. at 7–9) (Page ID #204–06), inquired into Watkins's competency, *id.* at 3–5 (Page ID #200–02), and asked Watkins whether he was satisfied with his attorney, *id.* at 5 (Page ID #202). The district court also verified that Watkins had read his plea agreement, had understood the terms of this agreement, and had discussed these terms with his attorney, all before voluntarily entering into the agreement. *Id.* at 9–10 (Page ID #206–07). Finally, the district court asked the prosecutor to "outline the substance of the plea agreement[]." *Id.* at 10 (Page ID #207). During this discussion, the prosecutor noted that, "as part of this plea agreement, the defendant is waiving his right to appeal with the exception of appeals for prosecutorial misconduct or ineffective assistance of counsel." *Id.* at 10–11 (Page ID

#207–08).  When asked whether the "United States [had] accurately set forth the substance of the plea agreement[] in this matter," counsel for Watkins answered in the affirmative.  *Id.* at 11 (Page ID #208).  As in *Wilson*, Watkins cannot prevail under plain-error review, because there was a "functional substitute" here for Rule 11(b)(1)(N).  *See also United States v. Robinson*, 455 F.3d 602, 610 (6th Cir. 2006) (upholding appeal waiver where prosecutor summarized provision at defendant's plea hearing and defendant stated that he understood provision); *United States v. Sharp*, 442 F.3d 946, 952 (6th Cir. 2006) (enforcing appeal waiver where defendant "read the plea agreement, discussed it with his attorney, and [did] not claim that his attorney's explanation of the appellate-waiver provision was inadequate.").

In reaching our decision, we recognize that, in *United States v. Bowman*, 634 F.3d 357 (6th Cir. 2011), we declined to apply an appeal waiver to Bowman's U.S.S.G. § 5G1.3(c) challenge.  In that case, we reviewed the language of Bowman's appeal waiver, and noted that "[n]o reference [was] made to either the state sentence or to U.S.S.G. § 5G1.3(c) in the plea agreement."  *Id.* at 361.  We reasoned that "[t]he government could have avoided any imprecision on this issue by including language that would have precluded Bowman from challenging the district court's application of U.S.S.G. § 5G1.3, but it did not do so."  *Id.*

The appeal waiver at issue in this case, however, is different from the appeal waiver in *Bowman*.  Bowman's plea agreement included a limited appeal waiver, precluding him from appealing "any sentence which [was] at or below the maximum of the guideline range as determined by the court."  *Id.* at 360.  Here, however, the appeal waiver is more comprehensive,

making clear that Watkins was, by signing the plea agreement, "knowingly and voluntarily waiv[ing] the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) *unless* based on claims of ineffective assistance of counsel or prosecutorial misconduct, to contest or collaterally attack his conviction and the resulting sentence."   R. 31 (Plea Agreement at ¶ 11) (Page ID #134–35) (emphasis added).   In several unpublished opinions after *Bowman*, we have declined to extend *Bowman* where, as here, the appeal waiver is more far-reaching. *See, e.g.*, *United States v. Callier*, 565 F. App'x 423, 425–26 (6th Cir. 2014) ("But the language of Defendant's plea agreement is different. Here, the plea agreement expressly provides that Defendant was apprised of his rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and that he expressly and voluntarily waives those rights, with two enumerated exceptions.") (internal quotation marks and footnote omitted); *United States v. Darby*, 549 F. App'x 499, 501 (6th Cir. 2014) ("But the plea agreement here is not the carbon image of the one in *Bowman*.   There, the defendant waived only his right to appeal a within or below-Guidelines sentence, and nothing else.   Here, Darby waived all of his appellate rights, with two exceptions. And neither of those exceptions covers Darby's argument."); *United States v. Ellis*, 500 F. App'x 482, 484 (6th Cir. 2012) (finding no ambiguity in appeal waiver).   To be sure, we have applied *Bowman* in cases where the appeal waiver's language is identical or nearly identical to the waiver in *Bowman*. *See, e.g.*, *United States v. Kelley*, 585 F. App'x 310, 313–14 (6th Cir. 2014); *United States v. Denton*, 557 F. App'x 506, 506 (6th Cir. 2014).   But that is not the case here.

8

Here, the appeal waiver was more comprehensive, containing only two enumerated exceptions, which are not even remotely at issue. Accordingly, we conclude that *Bowman* does not apply, and that Watkins's appeal waiver bars our review.

## B. Consecutive Sentencing Claim

We note in passing that, even if we were to consider Watkins's claim on the merits, we would determine it to be without merit. We review the district court's decision to impose a concurrent or consecutive sentence under an abuse-of-discretion standard. *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009). Section 5G1.3(c) from the 2013 edition of the Sentencing Guidelines[2] provides that, in cases such as these, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." The Commentary to this subsection notes that, "in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked," "the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." U.S.S.G. § 5G1.3(c) cmt. n.3(C) (2013). Nonetheless, the district court should also consider a number of other factors before deciding upon a sentence, including "the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a))." *Id.* at cmt. n.3(A)(i); *see also id.* at cmt. n.3(A) (discussing other factors). The district court considered those factors here. It

---

[2]Watkins was sentenced on December 12, 2013.

referred to Watkins's lengthy criminal history and the fact that Watkins's state sentences were for conduct unrelated to his federal sentence, thereby making it "generally clear the rationale under which it ha[d] imposed the consecutive sentence." *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009). While the district court took note of Watkins's contrition, it ultimately decided, having considered the factors under 18 U.S.C. 3553(a), to run Watkins's instant sentence consecutively to his two state sentences. The district did not abuse its discretion in reaching this conclusion.

### III. CONCLUSION

For the foregoing reasons, we **GRANT** the government's motion to dismiss Watkins's appeal.