**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0537n.06

Case No. 19-2253

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Sep 17, 2020

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| HARVEY LONTEL HARRIS | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SILER, SUTTON, and LARSEN, Circuit Judges.

SUTTON, Circuit Judge. Harvey Harris pleaded guilty to conspiring to distribute drugs. The district court sentenced him to the mandatory minimum of ten years. On appeal, Harris claims that the court should have suppressed some of the evidence and attacks the procedural reasonableness of his sentence. Because Harris entered an unconditional plea that did not preserve, indeed waived, his right to appeal the suppression decision and because the court did not commit any sentencing errors, we affirm.

After obtaining a warrant, the government opened a package addressed to Patrick Lewis, discovered over 300 grams of methamphetamine, and resealed the package for delivery. A postal inspector, posing as a regular mailman, delivered it to a Michigan address and found Harris on the

porch. Harris claimed to be "Patrick Lewis" and took the package upstairs, after which agents secured the scene. R.56 at 3.

The government took an iPhone from Harris's pocket during the ensuing patdown, placed him in a vehicle, and Mirandized him. Officers also obtained a search warrant for the upstairs apartment, where they found a second cell phone. While cuffed in the back of the car, Harris repeatedly asked for an attorney. But agents continued to pepper him with questions, and he eventually admitted to his role in distributing the drugs.

The government charged Harris with conspiring to distribute methamphetamine, attempted distribution, and attempted possession with intent to distribute. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. Harris moved to suppress the incriminating statements and evidence recovered from the two phones. The government agreed to forgo using Harris's statements. But the district court denied the motion to suppress the information from the phones, reasoning that the government inevitably would have discovered it because agents lawfully seized Harris's phone during the patdown and discovered the second phone while conducting a lawful search of the apartment.

Harris pleaded guilty. In exchange, the Government dropped the attempted possession count and agreed not to oppose a sentence reduction for acceptance of responsibility, among other concessions. Under the agreement, Harris also waived "any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed." R.64 at 7. At the plea colloquy, the court asked Harris whether he had discussed the plea agreement with his lawyer, whether his lawyer answered any questions he had, and if he wished "to take advantage of the agreement." R.95 at 9. Yes, yes,

and yes. The court explained it would have to sentence Harris to at least ten years because it was the mandatory minimum. Harris said he understood.

At sentencing, the government confirmed that it would not agree to anything less than the ten-year mandatory minimum. The court acknowledged its duty to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a), noted the advisory nature of the guidelines, and recognized its discretion in imposing an individualized sentence. The court imposed a ten-year sentence—the bottom of the guidelines range and the mandatory minimum.

*Appeal waiver.* A defendant who unconditionally pleads guilty may not appeal a pretrial suppression motion, Fed. R. Crim. P. 11(a)(2), so long as the defendant knowingly and voluntarily entered the plea, *see Brady v. United States*, 397 U.S. 742, 748 (1970). If, as in Harris's case, the defendant does not object at the plea hearing to the legitimacy of the plea process, plain-error review applies. *United States v. Vonn*, 535 U.S. 55, 58–59 (2002). Plain error demands that Harris show (1) an error, (2) that was "obvious or clear," and (3) that "affected [his] substantial rights." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). In this setting, an error affects substantial rights only where defendants show that they would not have pleaded guilty. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Harris pleaded guilty unconditionally. Nowhere in the plea agreement did he preserve his right to appeal the court's suppression ruling. Nor did he mention it during the plea hearing. Because he neglected to "reserv[e] in writing the right to have an appellate court review an adverse determination of a specified pretrial motion," Fed. R. Crim. P. 11(a)(2), he may not appeal the suppression ruling.

Not only did Harris plead unconditionally, he also waived his "rights to pursue in this Court or on appeal any . . . pretrial motions that have been filed or could be filed." R.64 at 7. The

government highlighted that portion of his agreement during the plea hearing. And the court confirmed that Harris read and understood the agreement. Whatever the merits of Harris's *Miranda* claim, in short, he gave us no basis for addressing it on appeal. *See United States v. Ferguson*, 669 F.3d 756, 764 (6th Cir. 2012).

Lest there be any doubt, Harris pleaded knowingly and voluntarily. During the plea hearing, he said that he understood the charge, that he knew the mandatory minimum sentence was ten years, and that he would be giving up his right to a trial. Harris confirmed that he pleaded "freely and voluntarily," that no one coerced him, and that no other promises had been made, save those in the plea agreement itself. R.95 at 13. The court confirmed that Harris had a chance to discuss the case with his lawyer and made clear his "absolute right" not to plead guilty. *Id.* at 4. The court spelled out the consequences of the plea deal in detail, and Harris said he understood.

Harris maintains that he did not knowingly and voluntarily plead guilty due to uncertainty over his right to appeal. But the record confirms that Harris understood what he agreed to and that he grasped the "likely consequences" of pleading guilty. *Brady*, 397 U.S. at 748. Recall that the agreement waived his right to appeal the suppression decision, that the government mentioned the appeal waiver at the hearing, and that Harris said he understood the agreement and had no questions about it. Even if all of this were not the case, Harris does not claim he would make a different plea decision today had he known he would be unable to appeal the suppression motion. That clinches the matter. *Dominguez Benitez*, 542 U.S. at 83.

Harris adds that the court failed to ensure he understood the appellate waiver. He acknowledges that a defendant who wishes to challenge a suppression ruling generally should enter a conditional plea. *See* Fed. R. Crim. P. 11(a)(2). But he claims that a different clause of Rule 11 requires that a defendant pleading guilty understand "the terms of any plea-agreement

provision waiving the right to appeal or collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). But by its terms, this requirement applies only to appeals related to a *sentence*, not to appeals of pretrial suppression motions. Even if Rule 11(b)(1)(N) entered the mix, the court met its obligation because the government highlighted the appeal waiver in open court, and Harris confirmed that he read and understood his written plea agreement. *See United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006).

*Sentence.* Harris challenges the procedural reasonableness of his sentence. Because he did not raise these objections below, we review them for plain error. *Vonner*, 516 F.3d at 385–86. No error, plain or otherwise, occurred.

The short answer to this objection is that the court sentenced Harris to the statutory mandatory minimum. The court had no choice. Harris offers no argument to the contrary, and he offers no explanation how any more process could have changed the outcome: a ten-year sentence.

The longer answer is that the court took all the necessary steps to announce a procedurally reasonable sentence. A district court must properly calculate the guidelines range, treat it as advisory, consider the § 3553(a) sentencing factors, avoid consideration of forbidden factors, explain why it chose the sentence, and of course comply with mandatory minimum and maximum sentences. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). As to the § 3553(a) factors, sentencing courts need not "explicitly consider each" one through "a rote listing" or any other "ritualistic incantation." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). It suffices if the court explains itself in a way that "satisf[ies] the appellate court" that it had a reasonable basis for its decision. *Rita v. United States*, 551 U.S. 338, 356 (2007).

The court met these modest requirements. It correctly applied a guidelines range of 120 to 150 months, recognized the advisory nature of the range, acknowledged its duty to impose a sentence sufficient but not greater than necessary under the § 3553(a) considerations, and explained the reasoning behind its sentence. That readily suffices.

Harris insists the court failed to factor in his history and personal characteristics. But our precedent doesn't require the district court to march lockstep through every § 3553(a) factor. *See United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006). At any rate, the court's hands were tied: It had to impose a ten-year sentence anyway.

We affirm.